This is an appeal from an order entered by the Director of the Division of Alcoholic Beverage Control which set aside the action of the respondent, Municipal Board of Alcoholic Beverage Control of the City of Newark, granting *Page 486 
the appellant a transfer of a plenary retail consumption license from the premises No. 113 Broadway to No. 597 Broadway, City of Newark.
The Newark ordinance, so far as here pertinent, provides "No plenary Retail Consumption license * * * shall be granted or transferred to other premises within a distance of seven hundred and fifty (750) feet from an existing licensed premises covered by a Plenary Retail Consumption license * * *."
The premises at No. 597 Broadway are on the northeasterly corner of Romaine Place and Broadway. Broadway runs from north to south. Romaine Place is a street thirty feet wide, open to vehicular traffic, which enters into Broadway at right angles but does not cross it. Romaine Place contains dwelling houses on both sides and has a sidewalk ten feet wide. The plenary retail consumption licensed premises of respondent, Ted's Bar Grill, Inc., are located on the westerly side of Broadway at No. 618 and are diagonally across the street to the north of No. 597 Broadway a distance of approximately 270 feet. The distance from No. 597 Broadway to No. 618 Broadway, measured by crossing Broadway within the extension of the curb and property lines of Romaine Place and thence north along the westerly sidewalk of Broadway is approximately 400 feet. The distance between the two premises measured along the easterly sidewalk of Broadway to Elwood Avenue, which is the next street entering Broadway to the north, thence crossing Broadway by a marked crosswalk where there are traffic signals and thence south along the westerly sidewalk of Broadway exceeds 750 feet. There are no marked crosswalk lines or traffic signals on Broadway at Romaine Place, although on both sides of Broadway at that intersection there are bus stops.
Though the ordinance provides that no license shall be transferred to another premises within a distance of 750 feet from an existing licensed premises, it sets forth no method of measurement. The Municipal Board adopted the method of measurement contained in R.S. 33:1-76, which provides for the minimum distance that must separate licensed premises *Page 487 
and churches and schools, viz., that the distance "shall be measured in the normal way a pedestrian would properly walk from the nearest entrance of said church or school to the nearest entrance of the premises sought to be licensed." The Municipal Board decided in applying the statutory formula that the measurement should be made from No. 597 Broadway north to the intersection of Elwood Avenue and there across Broadway because that intersection had marked crosswalks and traffic signals and thence south to No. 618 Broadway, and as a result thereof found that the premises were more than 750 feet apart. On this finding the Municipal Board granted the transfer.
On appeal to the Director of the Division of Alcoholic Beverage Control, the Director concluded in applying the method of measurement in the statute above mentioned that the normal way a pedestrian would properly walk from the same starting point would be across the crosswalk at Romaine Place to the westerly side of Broadway and then northerly to No. 618 Broadway (Ted's Bar 
Grill, Inc.), by which route the distance would be approximately 400 feet. On this conclusion he revoked the action of the Municipal Board.
Assuming, as did the Municipal Board and the Director, that the method of measurement to be used under the ordinance is the same as that set forth in R.S. 33:1-76, we agree with the conclusion reached by the Director that the premises are within a distance of 750 feet from each other. The determination by the Municipal Board, in applying the aforesaid method of measurement, that the measurement should be made only to an intersection where marked crosswalks or traffic signals exist has no support in the law. The type of crosswalk at Romaine Place and Broadway has been declared by our courts to be lawful for pedestrian traffic. SeeClarkson v. Ley, 106 N.J.L. 380 (E. A. 1929); see note in78 A.L.R. 1198; see, also, R.S. 39:1-1 and R.S. 39:4-34. Therefore, the crosswalk at Romaine Place and Broadway is the normal way that a pedestrian would properly walk.
We conclude that the Director was correct in finding the premises at No. 597 Broadway, to which the proposed transfer *Page 488 
is sought, are within a distance of 750 feet from the existing licensed premises at No. 618 Broadway.
The order of the Director of the Division of Alcoholic Beverage Control is affirmed.